# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA HERTA,<br><br>                      Plaintiff,<br><br>v.<br><br>MICHELLE IALEGGIO,<br><br>                     Defendants. | Case No.: 24cv1771-CAB-AHG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 9] |

    In this case, Plaintiff Maria Herta sues a San Diego Superior Court judge who was allegedly involved in family court proceedings involving Plaintiff concerning custody and visitation rights over her child. The gravamen of the allegations in the complaint and amended complaint is that Plaintiff is unhappy with the outcome of her family court proceedings and the manner in which the Superior Court judge handled her case. On October 21, 2024, this Court dismissed Plaintiff's complaint on the grounds that her claim is barred by judicial immunity, and granted her leave to amend. [Doc. No. 3.] On November 5, 2024, Plaintiff filed what appeared to be an amended complaint. [Doc. No. 6.] On November 19, 2024, this Court dismissed the case with prejudice, as the amended complaint did not cure the deficiencies and was also barred by judicial immunity. [Doc. No. 7.]

    Plaintiff now moves for reconsideration of the dismissal with prejudice of her claims against the Superior Court Defendant under Federal Rule of Civil Procedure 60(b). "The

moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Id.*

Plaintiff does not satisfy any of the requirements for reconsideration under Rule 60. Rather, she simply argues that judicial immunity does not apply. The Court has reviewed the citations provided by Plaintiff and disagrees with her analysis.

Ultimately, the Court echoes the following sentiment expressed by another district judge that motions for reconsideration should not be used merely as an intermediate "appeal" before taking a disputed ruling to the Ninth Circuit:

> The Court cannot emphasize strongly enough that the Rules allowing for motions for reconsideration are not intended to provide litigants with a second bite at the apple. Rather, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In an adversarial system such as ours, more often than not one party will win and one will lose. Generally, it follows that the losing party will be unhappy with the Court's decision. Rarely does the losing party believe that its position lacked merit, or that the Court was correct in ruling against it. Rather than either accept the Court's ruling or appeal it, it seems to have instead become *de rigueur* to file a motion for reconsideration. The vast majority of these motions represent a simple rehash of the arguments already made, although now rewritten as though the Court was the opposing party and its Order the brief to be opposed. It is easy for each litigant to consider only his or her own motion, and the seemingly manifest injustice that has been done to them. But the cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.
>
> This is not to say that a motion for reconsideration is never well-taken. A litigant should not shy from bringing to the Court's attention changes in facts and circumstances that render a ruling no longer logical, an intervening change in controlling authority, or other critical matters that the Rules provide should be brought to the Court's attention in this way. On this basis, motions for reconsideration should be few, far between, and narrowly focused. When

this is the case, the Rules work as they were intended, and the Court can focus on the business of justice.

*Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *3–4 (S.D. Cal. Apr. 10, 2007).

While Plaintiff may disagree with the Court's analysis of the application of judicial immunity to her claim, that is not a basis for bringing a motion for reconsideration. Accordingly, the motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

Dated:  December 6, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge